FARMERS' & MERCHANTS' BANK OF SPRINGFIELD, MISSOURI, Appellant, v. ELLSWORTH E. ZOOK, Respondent.

Kansas City Court of Appeals, November 16, 1908.

1. TRIAL AND APPELLATE PRACTICE: Change of Theory. A party who voluntarily tries his case in the trial court on one theory is precluded after defeat from changing front in the appellate court and presenting another theory.

2. ———: Admission of Evidence: Harmless Error. A certain deposition is held properly admitted, but if its admission is error it is harmless error and constitutes no ground for reversal, since it was not prejudicial.

Appeal from Boone Circuit Court.—*Hon. Samuel C. Davis,* Special Judge.

AFFIRMED.

*John J. Spriggs* for appellant.

*Charles J. Walker* for respondent.

JOHNSON, J.—This suit was brought in a justice's court and is on a promissory note of twenty-five dollars executed by defendant to plaintiff. No answer was filed, but the defense of usury was interposed in the justice court and in the circuit court where the cause was taken by appeal. A jury was waived by the parties, evidence was introduced and judgment was entered for plaintiff in the sum of $25.30. The court found that usury had been exacted by plaintiff and adjudged the costs of the suit against plaintiff under the provisions of section 3709, Revised Statutes 1899. A motion to retax costs filed by plaintiff was overruled, and plaintiff appealed.

Both parties tried the case in the circuit court on the theory that the payment of usury was the sole issue of fact between them. The declarations of law asked by plaintiff and given by the court are all addressed to that issue. The evidence introduced by plaintiff shows, without contradiction, that usury was exacted by plaintiff and paid by defendant. In this posture of the case, it is idle for plaintiff to urge now that the judgment should be reversed on the ground that usury was not pleaded in the answer. No rule is better settled than that which precludes a party from voluntarily trying a case on one theory in the circuit court and after defeat attempting to change front in the appellate court.

The point made by plaintiff that error was committed by the trial court in the admission of a deposition offered by defendant, likewise, is without merit. We think the deposition was properly admitted, but if we thought otherwise, would hold the error harmless. The witness, who was plaintiff's cashier, testified, in effect,

that he exacted usurious interest from defendant. That fact, as we have said, was proved by other evidence introduced by plaintiff and was not contradicted by evidence. Had the court sustained the objection to the deposition, its finding that usury had been exacted and paid necessarily would have been the same, since that was the only conclusion the evidence would permit. Error, to constitute a ground for reversal of a judgment, must appear to have been prejudicial, and this alleged error clearly was not prejudicial.

The judgment is affirmed. All concur.